```
                                                    FILED
                                              14 OCT 16 PM 4: 14
                                              CLERK U.S. DISTRICT COURT
                                              SOUTHERN DISTRICT OF CALIFORNIA

                                                         M
                                                                    DEPUTY
```

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY G. MALLORY,<br>Booking No. 12527706,<br><br>                                Plaintiff,<br><br>vs.<br><br>COMMISSARY STORE at GBDF;<br>GEORGE BAILEY JAIL; and<br>CATHERINE FEHAY, Religious<br>Coordinator,<br>                                Defendants. | Civil No.   14-CV-1111 BEN (DHB)<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* AND GARNISHING BALANCE FROM INMATE'S TRUST ACCOUNT PURSUANT TO 28 U.S.C. § 1915(a)**<br>[ECF Doc. No. 2]<br><br>**AND**<br><br>**(2) SUA SPONTE DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(i) AND 28 U.S.C. § 1915A(b)(1)** |

Larry G. Mallory ("Plaintiff"), a state prisoner currently serving his sentence at the San Diego County Sheriff's Department George Bailey Detention Facility ("GBDF"), in San Diego, has filed a civil rights complaint ("Compl.") pursuant to 42 U.S.C. § 1983 (Doc. No. 1). Plaintiff claims the GBDF, its commissary, and a religious coordinator at GBDF have denied his First and Eighth Amendment rights by failing to provide him kosher hygiene products. *See* Compl. at 3, 4. He seeks injunctive relief preventing

Defendants from taking "any reprisals against [him]," and $4 million in general and punitive damages. *Id.* at 7.

Plaintiff did not prepay the filing fee required to commence a civil action pursuant to 28 U.S.C. § 1914(a) at the time he filed suit; instead he filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF Doc. No. 2).

## I. MOTION TO PROCEED IFP

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he or she is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, pursuant to the Prison Litigation Reform Act ("PLRA"), if the plaintiff is a prisoner and leave to proceed IFP is granted, he or she is permitted to proceed without prepayment of the full fee, but nevertheless remains obligated to pay the entire fee in installments, regardless of whether the underlying civil action is dismissed for other reasons. *See* 28 U.S.C. § 1915(b)(1) & (2).

The Court finds that Plaintiff has submitted an affidavit which complies with 28 U.S.C. § 1915(a)(1), and that he has attached a certified prison certificate documenting his account activity at GBDF for the six-month period preceding the filing of his Complaint pursuant to 28 U.S.C. § 1915(a)(2) and CivLR 3.2. Plaintiff's trust account certificate indicates he has had an average monthly balance of $0.14, and average monthly deposits of $50.58, but only $0.82 in available funds in his account at the time his Complaint was filed. From this accounting, the Court finds Plaintiff has insufficient available funds from which to pay any initial partial filing fee. *See* 28 U.S.C. § 1915(b)(4).

---

[1] In addition to the $350 statutory fee, all parties filing civil actions on or after May 1, 2013 must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule) (eff. May 1, 2013). However, the additional $50 administrative fee is waived if the plaintiff is granted leave to proceed IFP. *Id.*

Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF Doc. No. 2) and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350 balance of the filing fee owed must be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II. SUA SPONTE SCREENING PER 28 U.S.C. § 1915(e)(2) AND § 1915A(b)

### A. Standard

The PLRA also requires that the Court review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these statutes, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)).

Every complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this

1  plausibility standard. *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

While a plaintiff's factual allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Indeed, while courts "have an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Even before *Iqbal*, "[v]ague and conclusory allegations of official participation in civil rights violations" were not "sufficient to withstand a motion to dismiss." *Id.*

### B. Defendants George Bailey Jail and Commissary Store

As an initial matter, the Court finds Plaintiff's Complaint requires sua sponte dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(1) and § 1915A(b)(1) to the extent it seeks relief under § 1983 against the "George Bailey Jail" and the "Commissary Store at GBDF." *See* Compl. at 1, 2.

"To state a claim under 42 U.S.C. § 1983, the plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under color of state law." *Campbell v. Washington Dep't of Soc. Servs.*, 671 F.3d 837, 842 n.5 (9th Cir. 2011) (citing *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987).

Thus, even if Plaintiff's Complaint pleaded facts sufficient to support either a First or Eighth Amendment violation related to his access to kosher hygiene products, *see* Compl. at 3-4, neither a local law enforcement agency (like the San Diego County Sheriff's Department, which operates GBDF), a county jail or detention facility (like GBDF), or a department or division within such a facility (like the "Commissary Store")

1 | are proper defendants under § 1983. *See Vance v. Cnty. of Santa Clara*, 928 F. Supp.
2 | 993, 996 (N.D. Cal. 1996) ("Naming a municipal department as a defendant is not an
3 | appropriate means of pleading a § 1983 action against a municipality.") (citation
4 | omitted); *Powell v. Cook Cnty. Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993) ("Section
5 | 1983 imposes liability on any 'person' who violates someone's constitutional rights
6 | 'under color of law.' Cook County Jail is not a 'person.'").

7 | For these reasons, Plaintiff's Complaint fails to state a claim upon which § 1983
8 | relief can be granted against either Defendants George Bailey Jail or the Commissary
9 | Store at GBDF and any purported claims against these parties must be **DISMISSED**
10 | pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

11 | **C. Vicarious Liability**

12 | As to the only individual "person" named as a Defendant, Catherine Fehay,
13 | Plaintiff describes her as the "County Jails Religious Coordinator" and claims she is
14 | therefore "aware [that] the kosher inmate religious agreements contract does not permit
15 | [him] to purchase any type of hygenic cosmetics," and that "no kosher based products
16 | are provided at the County Jails." *See* Compl. at 2.

17 | "Because vicarious liability is inapplicable to . . . § 1983 suits," Plaintiff "must
18 | plead that each Government-official defendant, through the official's own individual
19 | actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff's Complaint,
20 | however, contains no further "factual enhancement" to describe what Fehay did, or failed
21 | to do, with regard to his need for kosher hygiene or cosmetic products which caused a
22 | violation of either his First or Eighth Amendment rights. *See Estate of Brooks v. United*
23 | *States*, 197 F.3d 1245, 1248 (9th Cir. 1999) ("Causation is, of course, a required element
24 | of a § 1983 claim."). "The inquiry into causation must be individualized and focus on
25 | the duties and responsibilities of each individual defendant whose acts or omissions are
26 | alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633
27 | (9th Cir. 1988) (citing *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976); *Berg v. Kincheloe*,
28 | 794 F.2d 457, 460 (9th Cir. 1986)).

A person deprives another "of a constitutional right, within the meaning of section 1983, if [s]he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [s]he is legally required to do that causes the deprivation of which [the plaintiff complains]." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). There is no respondeat superior liability under 42 U.S.C. § 1983. *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993).

Thus, without specific "factual content" that might allow the Court to "draw the reasonable inference" that Fehay may be held personally liable for any unconstitutional conduct directed at Plaintiff, the Court finds his Complaint, as currently pleaded, contains only the type of "defendant-unlawfully-harmed-me accusations" which fail to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 568.

### D.     First & Eighth Amendment Claims

Even if Plaintiff had included sufficient facts in his Complaint to show a basis for holding Defendant Fehay personally liable, he also fails to allege facts sufficient to support either a First or Eighth Amendment violation. *See Crater v. Galaza*, 508 F.3d 1261, 1269 (9th Cir. 2007) ("In § 1983 cases, it is the *constitutional right itself* that forms the basis of the claim."). While Plaintiff cites the First and Eighth Amendments, and bases his suit on an alleged lack of kosher hygiene or cosmetic products available to him at GBDF, *see* Compl. at 3-4, his pleading offers only "labels and conclusions," and fails to state a plausible claim for relief under either of the constitutional amendments he invokes. *Iqbal*, 556 U.S. at 678-79 (quoting *Twombly*, 550 U.S. at 555, 556).

The protections of the First Amendment's Free Exercise Clause are triggered when prison or jail officials substantially burden the practice of an inmate's religion by preventing him from engaging in conduct which he sincerely believes is consistent with his faith. *Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008) (citing *Malik v. Brown*, 16 F.3d 330, 333 (9th Cir. 1994)). Free exercise however, is necessarily limited by the fact of incarceration, and "may be curtailed in order to achieve legitimate

correctional goals or to maintain prison security." *McElyea v. Babbitt*, 833 F.2d 196, 197 (9th Cir. 1987) (citing *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 347-48 (1987)); *see also Bell v. Wolfish*, 441 U.S. 520, 527 (1979) ("A detainee simply does not possess the full range of freedoms of an unincarcerated individual.").

As currently pleaded, Plaintiff's Complaint contains no facts which show what any individual person did to burden or limit the exercise of any of his sincerely held religious beliefs. *See Shakur*, 514 F.3d at 884-85. Plaintiff uses the word "kosher," but his Complaint contains no additional factual content to plausibly suggest how or to what extent any GBDF official put "substantial pressure on [him] to modify his behavior and to violate his beliefs," *Thomas v. Review Bd. of Ind. Emp't Sec. Div.*, 450 U.S. 707, 718 (1981), or forced him to "choose between following the precepts of h[is] religion and forfeiting [governmental] benefits, on the one hand, and abandoning one of the precepts of h[is] religion . . . on the other." *Sherbert v. Verner*, 374 U.S. 398, 404 (1963). Finally, Plaintiff's Complaint does not contain any allegations to show that the restriction is not reasonably related to legitimate penological interests. *See Shakur*, 514 F.3d at 884-85 (citing *Turner v. Safely*, 482 U.S. 78, 89 (1987)).

In addition, to the extent Plaintiff suggests the lack of kosher hygiene products at GBDF constitutes the cruel and unusual punishment proscribed by the Eighth Amendment, he has failed to state a plausible claim for relief. Conditions must not involve "the wanton and unnecessary infliction of pain" or be "grossly disproportionate to the severity of the crime warranting imprisonment." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981) [hereinafter *Chapman*]. In order to allege that a prison official violated the Eighth Amendment, a prisoner must allege facts sufficient to fulfill two requirements. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

First, he must allege facts sufficient to show that a prison official's acts or omissions are objectively "sufficiently serious" and deprived him of the "minimal civilized measure of life's necessities." *Farmer*, 511 U.S. at 834 (citations omitted); *see also Chapman*, 452 U.S. at 347. While indigent inmates have the right to personal

hygiene supplies, such as toothbrushes and soap, Plaintiff's Complaint fails to contain sufficient factual allegations to suggest that the denial of kosher supplies amounts to the type of objectively serious deprivation the Cruel and Unusual Punishments Clause exists to prevent. *See Keenan v. Hall*, 83 F.3d 1083, 1091 (9th Cir. 1996), *amended by* 135 F.3d 1318 (9th Cir. 1998); *Farmer*, 511 U.S. at 834.

To meet the second requirement in a prison conditions case, the plaintiff must show that the prison official's state of mind was of "deliberate indifference" to inmate health or safety. *Farmer*, 511 U.S. at 834 (citations omitted). "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety." *Id.* at 837. To meet this standard, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* Plaintiff fails to allege any facts from which this Court can conclude that any official had the requisite state of mind.

Accordingly, his Complaint fails to state an Eighth Amendment claim upon which relief can be granted. *Iqbal*, 556 U.S. at 679.

### III. CONCLUSION AND ORDER

Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF Doc. No. 2) is **GRANTED**.

2. The Watch Commander at GBDF, or his designee, is **DIRECTED** to collect from Plaintiff's trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. The Clerk of the Court is directed to serve a copy of this Order on Watch Commander, George Bailey Detention Facility, 446 Alta Road, Suite 5300, San Diego, California 92158.

**IT IS FURTHER ORDERED** that:

4. Plaintiff's Complaint is **DISMISSED** without prejudice for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). However, Plaintiff is further **GRANTED** forty five (45) days leave from the date this Order is filed in which to file an Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to his previous pleading. *See* CivLR 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be considered waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

DATED: ~~September~~ October 15, 2014

HON. ROGER T. BENITEZ
United States District Judge